1 | Guido Saveri (22349)
R. Alexander Saveri (173102)
2 | Cadio Zirpoli (179108)
SAVERI & SAVERI, INC.
3 | 111 Pine Street, Suite 1700
San Francisco, CA 94111
4 | Telephone: (415) 217-6810
Facsimile: (415) 217-6813
5 | guido@saveri.com
rick@saveri.com
6 | zirpoli@saveri.com

7 | Attorneys for Plaintiff Lee

8

9 | **IN THE UNITED STATES DISTRICT COURT**

10 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11 | **SAN FRANCISCO DIVISION**



12 | BEN LEE, on behalf of himself and all others )    Civil Action No. _____
similarly situated,
13 |
    Plaintiffs,            )    **CLASS ACTION COMPLAINT**
14 |
    vs.                 )    **JURY TRIAL DEMANDED**
15 |
KOREAN AIR LINES CO., LTD.
16 |
    Defendant.       )
17 |

18

19 |     Plaintiff Ben Lee ("Plaintiff"), on behalf of himself and on behalf of a class of all those

20 | similarly situated, brings this action for treble damages against Defendant Korean Air Lines Co.,

21 | Ltd. ("Defendant") pursuant to Section 1 of the Sherman Act of 1890, 15 U.S.C. § 1 and Section

22 | 4 of the Clayton Act of 1914, 15 U.S.C. § 15. Plaintiff makes the allegations herein on personal

23 | knowledge or information and belief based upon investigation made by and through his

24 | attorneys, as follows:

25 |                        **NATURE OF THE CASE**

26 |     1.    This case arises out of a long-standing, international conspiracy, beginning no

27 | later than January 1, 2000, and continuing until at least July 31, 2006 ("Class Period"), among

28 | Defendant and its co-conspirators with the purpose and effect of eliminating and suppressing

CLASS ACTION COMPLAINT

competition for wholesale and passenger fares charged for air travel flights between the United States and Korea ("Air Passenger Services"). Plaintiff brings this antitrust case seeking redress under the U.S. antitrust laws for the harm caused by this unlawful conspiracy.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of this matter under Section 15 of the Sherman Act, 15 U.S.C. § 15, for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15, and 28 U.S.C. §§ 1331, 1337.

3.    Venue as to Defendant is proper in this District pursuant to Sections 15(a) and 22 of the Sherman Act, and 28 U.S.C. § 1391(b), (c), because Defendant is found and transacts business in this District and/or the claims arose at least in part in this District. Defendant regularly and continuously conducts business in interstate and foreign commerce between and among the United States and foreign countries. The interstate trade and commerce described herein has been carried out in part within this District.

## THE PARTIES

4.    Plaintiff Ben Lee is an individual residing in the State of California. Plaintiff directly purchased Air Passenger Services from Defendant during the Class Period, and was damaged as a result of Defendants' unlawful conduct.

5.    Defendant Korean Air Lines Co., Ltd. has its principal place of business in Seoul, Korea. During the Class Period, Defendant was engaged in the business of providing Air Passenger Services for passengers located in the United States and elsewhere, including this District.

## UNNAMED CO-CONSPIRATORS

6.    On information and belief, other air passenger carriers are co-conspirators with Defendant in their unlawful restraint of trade. These other co-conspirators have facilitated, adhered to, participated in, and/or communicated with others regarding the conspiracy.

## CLASS ACTION ALLEGATIONS

7.    Plaintiff brings this action as a class action under Rules 23(a), (b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated.

CLASS ACTION COMPLAINT

1    The Class is defined as:

2              All direct purchasers of Air Passenger Services provided by
       Defendant and its co-conspirators, at any time from January 1,
3      2000 to July 31, 2006 (the "Class Period"), the exact dates being
       unknown to Plaintiff.  Excluded from the Class are governmental
4      entities, Defendant, any subsidiaries or affiliates of Defendant, and
       any of Defendants co-conspirators, whether or not named in this
5      Complaint.

6      8.      The Class is so numerous that joinder of all members is impracticable.  Due to the

7    nature of the trade and commerce involved, Plaintiff believes that the members of the Class are

8    geographically dispersed throughout the world, including the United States, and that joinder of all

9    Class members would be impracticable.  While the exact number of Class members is unknown

10   to Plaintiff, Plaintiff believes that there are at least tens of thousands of members of the Class and

11   that their identities can be learned from the books and records of Defendant and their co-

12   conspirators.

13     9.      Plaintiff's claims are typical of the claims of the other members of the Class.

14   Plaintiff and all members of the class purchased Air Passenger Services at artificially maintained,

15   non-competitive prices established by the actions of Defendant and its unnamed co-conspirators

16   in connection with the restraint of trade alleged herein.  Plaintiff and the members of the Class

17   have all sustained damage in that they paid inflated prices for the Air Passenger Services at issue

18   due to Defendants' conduct in violation of federal law as complained of herein.

19     10.     Plaintiff will fairly and adequately protect the interests of the members of the

20   Class and has retained counsel competent and experienced in class action and antitrust litigation.

21     11.     Defendant has acted or refused to act on grounds generally applicable to the Class,

22   thereby making appropriate final injunctive relief or corresponding declaratory relief with respect

23   to the Class as a whole.

24     12.     Common questions of law and fact exist as to all members of the Class which

25   predominate over any questions affecting solely individual members of the Class.  Among the

26   questions of law and fact common to the Class are:

27

28

3

(a)     Whether Defendant conspired or combined for the purpose of and with the effect of instituting, raising, fixing, maintaining, or stabilizing the price of Air Passenger Services that were purchased by the Class;

(b)     Whether Defendant undertook actions to conceal the unlawful conspiracy or combination described herein; and

(c)     Whether Defendants conduct violated the relevant federal antitrust laws and caused injury to the business and property of Plaintiff and the Class and, if so, the proper measure of damages.

13.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendant, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

14.     The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The amounts at stake for Class members, while substantial in the aggregate, are not great enough individually to enable them to maintain separate suits against Defendant. Plaintiff does not anticipate any difficulty in the management of this action as a class action.

## INTERSTATE AND FOREIGN TRADE AND COMMERCE

15.     During the Class Period, Defendant was a major company in the Air Passenger Services industry.

16.     The global market for Air Passenger Services is in the billions of dollars annually.

17.     Throughout the Class Period, there has been a continuous and uninterrupted flow of transactions in Air Passenger Services in interstate and international commerce throughout the United States and the world, including in this District.

4

18.    The unlawful activities of defendant and the unnamed co-conspirators have been within the flow of, and have had a direct, substantial, and reasonably foreseeable effect on interstate and international commerce.

## FACTS

19.    Beginning at least as early as January 1, 2000, the exact date being unknown to Plaintiff, Defendant conspired or combined for the purpose of and with the effect of instituting, raising, fixing, maintaining or stabilizing the price of passenger air fares between the United States and Korea and certain surcharges for Air Passenger Services between the United States and Korea purchased by the Class.

20.    Defendant is one of the largest providers of Air Passenger Services in the United States and the world.

21.    On August 1, 2007, the United States Department of Justice issued a press release stating, among other things, that Defendant agreed to plead guilty and pay a $300 million criminal fine for its role in a conspiracy to fix the price of passenger flights to and from the United States and Korea. Defendant stated it was cooperating with the Department of Justice in its ongoing investigation into the industry.

22.    As part of their conspiracy, and in furtherance thereof, Defendant and its co-conspirators did those things that they conspired to do, including the following:

a.    Participating in meetings, conversations and communications in the United States and elsewhere to discuss one or both components of passenger air fares (both the base fare and the fuel surcharge) to be charged for flights between the United States and Korea;

b.    Agreeing during such meetings, conversations and communications, on one or both components of the passenger air fares (both the base fare and the fuel surcharge) to be charged for flights between the United States and Korea;

c.    Levying passenger air fares on flights between the United States and Korea in accordance with the agreements reached; and

d.    Monitoring and enforcing the agreed-upon rates to be charged for air fares between the United States and Korea.

CLASS ACTION COMPLAINT

## ANTITRUST INJURY TO PLAINTIFF AND THE CLASS

23.     The conspiracy alleged herein had the following effects, among others:

(a)     Prices charged to Plaintiff and the Class for Air Passenger Services have been raised, fixed, maintained or stabilized at higher, artificially derived, non-competitive levels;

(b)     Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Air Passenger Services; and

(c)     Competition in establishing the prices paid in the United States and worldwide for Air Passenger Services have been unlawfully restrained, suppressed and eliminated.

24.     By reason of the violations of Section 1 of the Sherman Act and Section 4 of the Clayton Act, Plaintiff and the members of the Class have sustained injury to their business or property. The injury sustained by the Plaintiff and the Class is the payment of supercompetitive prices for Air Passenger Services as a result of Defendants' illegal contract, combination, or conspiracy to restrain trade as alleged.

## FRAUDULENT CONCEALMENT

25.     Plaintiff had no knowledge of the combination and conspiracy alleged herein, or of any facts that might have led to the discovery thereof in the exercise of reasonable diligence, prior to Wednesday, August 1, 2007, when the United States Department of Justice issued a press release stating that Korean Air Lines Co., Ltd. had agreed to plead guilty and pay a $300 million fine for its role in a conspiracy to fix fares charged passengers and certain travel agents for flights from the United States to Korea from January 2000 until July 2006.

26.     Plaintiff could not have discovered the existence of the combination and conspiracy alleged herein at an earlier date by the exercise of reasonable due diligence because of the deceptive practices and techniques of secrecy employed by Defendant and their co-conspirators to avoid detection and affirmatively conceal such violations including, without limitation, falsely attributing Air Passenger Services price increases to the rising cost of jet fuel.

1    Defendant and its co-conspirators also falsely informed their customers that they were unable to

2    lower Air Passenger Services prices due to the increased cost of jet fuel.

3        27.    Plaintiff had no reason to disbelieve these statements which on their face appeared

4    to be reasonable explanations for the pricing of Air Passenger Services.  Furthermore, most of the

5    explanations provided by defendants involved non-public and/or proprietary information

6    completely in defendants' control such that plaintiff and members of the class could not verify

7    their accuracy.  Defendants' purported reasons for the price increases of Air Passenger Services

8    were materially false and misleading and were made for the purpose of concealing defendants'

9    anti-competitive scheme as alleged herein.   In truth, at all relevant times, the price of Air

10   Passenger Services was artificially inflated and maintained as a direct result of the defendants'

11   anti-competitive scheme, the operation of which was a substantial (but undisclosed) factor in the

12   pricing of Air Passenger Services during the Class Period.

13       28.    As a result of the fraudulent concealment of the conspiracy, plaintiff asserts the

14   tolling of the applicable statute of limitations affecting the causes of action by Plaintiff and the

15   members of the Class.

16                           **VIOLATIONS ALLEGED**

17       29.    Defendant and its co-conspirators entered into and engaged in a combination or

18   conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act and

19   Section 4 of the Clayton Act.

20       30.    The combination or conspiracy has resulted in an agreement, understanding or

21   concerted action between and among Defendant and its co-conspirators in furtherance of which

22   Defendant instituted, fixed, maintained, raised or stabilized prices for Air Passenger Services

23   between the United States and Korea.  Such contract, combination, or conspiracy constitutes a

24   *per se* violation of the federal antitrust laws and is an unreasonable and unlawful restraint of

25   trade.

26       31.    Defendant and its co-conspirators' combination, agreement, understanding or

27   concerted action occurred in or affected interstate and international commerce.  Defendant and its

28

                                    7

co-conspirators' unlawful conduct was through mutual understandings or agreements by, between and among themselves.

32.    The combination or conspiracy has had the following effects:

(a)    Prices charged to Plaintiff and the Class for Air Passenger Services were raised, fixed, maintained or stabilized at higher, artificially derived, non-competitive levels;

(b)    Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Air Passenger Services;

(c)    Competition in establishing the prices paid for Air Passenger Services has been unlawfully restrained, suppressed and eliminated; and

(d)    As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered injury in that they have paid supercompetitive prices for Air Passenger Services.

## DAMAGES

33.    During the Class Period, plaintiff and the other members of the class purchased Air Passenger Services directly from defendant, or their subsidiaries, agents, and/or affiliates, and, by reason of the antitrust violations herein alleged, paid more for such products than they would have paid in the absence of such antitrust violations.  As a result, plaintiff and the other members of the Class have sustained damages to their business and property in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests:

(1)    That the Court determine that this action may be maintained as a class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be denominated as class representative and Plaintiff's counsel be appointed as counsel for the Class;

CLASS ACTION COMPLAINT

1    (2)    That the unlawful combination or conspiracy alleged in this

2    Complaint be adjudged and decreed to be an unreasonable restraint of trade or commerce in

3    violation of Section 1 of the Sherman Act;

4    (3)    That Plaintiff and the Class recover compensatory damages, as

5    provided by law, determined to have been sustained as to each of them, and that judgment be

6    entered against Defendant on behalf of Plaintiff and of the Class;

7    (4)    That Plaintiff and the Class recover treble damages, as provided by

8    law;

9    (5)    That Defendant, its affiliates, successors, transferees, assignees,

10    and the officers, directors, partners, agents and employees thereof; and all other persons acting

11    or claiming to act on their behalf, be permanently enjoined and restrained from, continuing,

12    maintaining or renewing the contract, combination or conspiracy alleged herein, or from

13    engaging in any other contract, combination or conspiracy having a similar purpose or effect,

14    and from adopting or following any practice, plan or device having a similar purpose or effect.

15    (6)    That Plaintiff and the Class recover their costs of the suit, including

16    reasonable attorneys' fees, as provided by law; and

17    (7)    That Plaintiff and the Class be granted such other and further relief

18    as the Court deems just.

19                                    **DEMAND FOR JURY TRIAL**

20    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Constitution of the

21    United States, Plaintiff demands a trial by jury of all issues so triable.

22    DATED:  August 8, 2007                SAVERI & SAVERI, INC.

23

24    _R. Alexander Saveri_

25    Guido Saveri (22349)
      R. Alexander Saveri (173102)
      Cadio Zirpoli (179108)

26    111 Pine Street, Suite 1700
      San Francisco, CA  94111

27    Telephone: (415) 217-6810

28    Attorneys for Plaintiff Ben Lee

                                    9

CLASS ACTION COMPLAINT

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ben Lee, on behalf of himself and all others similarly situated | Korean Air Lines Co., Ltd. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED. |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>R. Alexander Saveri, Saveri & Saveri, Inc., 111 Pine St., Suite 1700, S.F., CA 94111; (415) 217-6810 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transfered from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault Libel & Slander<br>☐330 Federal Employers Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury Med Malpractice<br>☐365 Personal Injury Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 RR & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other<br>**LABOR**<br>☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt Relations<br>☐730 Labor/Mgmt Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl.Ret. Inc. Security Act | ☒422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark<br><br>**SOCIAL SECURITY**<br>☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐870 Taxes (US Plaintiff or Defendant<br>☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment<br>☒410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐480 Consumer Credit<br>☐490 Cable/Satellite TV<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410<br>☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing<br>☐444 Welfare<br>☐440 Other Civil Rights<br>☐445 Amer w/ disab - Empl<br>☐446 Amer w/ disab - Other | ☐510 Motion to Vacate Sentence Habeas Corpus:<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  ☐CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  8.8.07.    SIGNATURE OF ATTORNEY OF RECORD    R. Alexander Saveri /cs

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

E-filing

Ben Lee, on behalf of himself and all others
similarly situated

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.

Korean Air Lines Co., Ltd.

C  07  4085  JL

TO: (Name and address of defendant)

Korean Air Lines Co., Ltd.
Address Unknown

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Guido Saveri
Rick Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, Ca 94111
Tel.: (415)217-6810

an answer to the complaint which is herewith served upon you, within ⌐ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

DATE August 8, 2007

ANNA SPRINKLES

(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| Name of SERVER | TITLE |
|---|---|

| *Check one box below to indicate appropriate method of service* |
|---|

☐  Served Personally upon the Defendant. Place where served:


☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:


☐  Returned unexecuted:


☐  Other *(specify):*


## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on  _____          _____
                          *Date*                                         *Signature of Server*

                                                                       _____
                                                                       *Address of Server*


(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure